IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER VAN VALLIS-BRIGHT, an individual, | Case No. 22-cv-10227 |
| | Hon. Paul D. Borman |
| Plaintiff, | |
| v. | |
| | Removed from |
| SCRIPPS MEDIA INC., a foreign company, | the Oakland County Circuit Court Case No. 2022-192350-CB |
| Defendant. | |

| | |
|---|---|
| Benjamin M. Low (P82534) | Thomas J. Davis (P78626) |
| JAFFE RAITT HEUER & WEISS, P.C. | Ryan D. Bohannon (P73394) |
| Attorneys for Plaintiff | KIENBAUM HARDY VIVIANO |
| 27777 Franklin Road, Suite 2500 | PELTON & FORREST, P.L.C. |
| Southfield, MI 48034 | Attorneys for Defendant |
| (248) 351-3000 | 280 N. Old Woodward Ave., Ste. 400 |
| benlow@jafelaw.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | tdavis@khvpf.com |
| *Attorneys for Plaintiff* | rbohannon@khvpf.com |
| | *Attorneys for Defendant* |

**[REFILED] Defendant Scripps Media Inc.'s Notice of Removal**

TO:  Benjamin M. Low (P82534)          Clerk of Court
     Jaffe Raitt Heuer & Weiss, P.C.   Oakland County Circuit Court
     27777 Franklin Road, Suite 2500   1200 N. Telegraph Rd.
     Southfield, MI 48034              Department 404
                                       Pontiac, MI 48341-0404

Defendant Scripps Media Inc., by its undersigned counsel, removes this action from the Oakland County Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

In support of its Notice of Removal, Defendant states:

1. On February 2, 2022, Plaintiff Jennifer Van Vallis-Bright commenced this action in the Oakland County Circuit Court by filing a Complaint entitled *Jennifer Van Vallis-Bright, an individual v. Scripps Media Inc., a foreign company*, docketed as case number 2022-192350-CB. (All civil court pleadings are attached as Exhibit A.) The Complaint seeks a declaratory judgment that restrictive covenants in Plaintiff's employment agreement with Defendant—and the agreement itself—is invalid.

2. Undersigned counsel for Defendant accepted service of the Summons and Complaint in lieu of formal service on February 3, 2022. Thus, under 28 U.S.C. § 1446(b), this Notice of Removal is timely, because it is filed within 30 days of the first date Defendant received service of the pleadings upon which removal is based.

3. This Court has original subject matter jurisdiction over Plaintiff's Complaint based on diversity of citizenship under 28 U.S.C. § 1332(a), because the parties are completely diverse, and the amount placed in controversy by Plaintiff's Complaint exceeds $75,000, exclusive of interest and costs.

## Diversity of Citizenship

4. Plaintiff is an individual who resides in Clarkston, Oakland County, Michigan. Therefore, Plaintiff is a citizen of Michigan.

5. The citizenship of Defendant Scripps, a corporation, is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Scripps has its principal place of business in Cincinnati, Ohio and is incorporated in Delaware. Therefore, Defendant Scripps is a citizen of Ohio and Delaware.

6. There is complete diversity in this case as required by 28 U.S.C. § 1332. The named plaintiff Vallis-Bright is a citizen of Michigan, while the Defendant Scripps is a citizen of Ohio and Delaware.

## Amount in Controversy

7. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Applying this principle, the Sixth Circuit has held that where a party seeks a declaratory judgment, the "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011).

8.      The value of the consequences of this litigation greatly exceeds $75,000, exclusive of interest and costs. The Plaintiff is trying to invalidate—and thus deprive Defendants of the benefits of—an agreement that includes non-competition, confidentiality, and non-solicitation clauses. Defendant paid Vallis-Bright far in excess of $75,000 in wages and commissions as an advertising sales executive over her several years of employment, and her continued employment was conditioned on her acceptance of the agreement. Vallis-Bright was personally responsible for generating sales revenue and profits far in excess of $75,000; as Vallis-Bright herself alleges, in the two months prior to the end of her Scripps employment, she generated "significant sales for Scripps, including, but not limited to, a $325,000 deal…." Compl. ¶ 34.

9.      Here, Plaintiff's declaratory judgment action, if successful, would invalidate her agreement—allowing her to take a job with an entity that (contrary to Plaintiff's allegations) directly competes with Scripps for the same limited pool of dollars spent by advertisers in the Metro Detroit area. By invalidating the agreement, Plaintiff would thus have no contractual restriction from soliciting Scripps' current advertisers, or from using Scripps' confidential information and goodwill generated as a Scripps employee to compete with, undercut, or otherwise divert advertising business away from Scripps and towards her new employer. The value of the stakes in this litigation far exceed the jurisdictional threshold.

10. A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Oakland County Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff's counsel as verified by the attached Certificate of Service.

11. This action is therefore removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.LC.

        By: /s/ *Thomas J. Davis*
            Thomas J. Davis (P78626)
            Ryan D. Bohannon (P73394)
        Attorneys for Defendant
        280 N. Old Woodward Ave., Ste. 400
        Birmingham, MI  48009
        (248) 645-0000
        tdavis@khvpf.com
        rbohannon@khvpf.com

Date:  February 4, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com