UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER VAN VALLIS-BRIGHT,
an individual,

    Plaintiff,

v.

SCRIPPS MEDIA INC.*,* a foreign company,

    Defendant.
_____/

Case No. 22-cv-10227

Honorable Paul D. Borman

Magistrate Judge Curtis Ivy, Jr.

| | |
|---|---|
| Benjamin M. Low (P82534)<br>JAFFE RAITT HEUER & WEISS, P.C.<br>Attorneys for Plaintiff<br>27777 Franklin Road, Suite 2500<br>Southfield, MI  48034<br>(248) 351-3000<br>benlow@jafelaw.com | Thomas J. Davis (P78626)<br>Ryan D. Bohannon (P73394)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>rbohannon@khvpf.com |

**Scripps' Emergency Motion for Limited Expedited Early Discovery and Request that Plaintiff's Response to this Motion be Due February 11, 2022**

Defendant Scripps Media, Inc. moves this Court for an emergency order permitting limited, early expedited discovery under Rule 26(d)(1) and the Court's practice guidelines, in light of recently-discovered evidence suggesting that Plaintiff's "irreparable harm" allegations purportedly justifying her preliminary injunction motion are untrue or exaggerated. Those claims can be verified or disproven through a discrete set of objective documents, and which in the interests of justice should be disclosed before the Court rules on her injunction motion.

In support of the motion, Scripps states:

1. On February 3, 2022, Plaintiff filed a preliminary injunction motion.

2. The thrust of Plaintiff's motion—along with her verified complaint and Plaintiff's sworn affidavit—is that (a) Scripps terminated her because she refused to comply with Scripps' mandatory COVID-19 vaccination policy; and (b) Scripps is "preventing" her from taking a General Sales Manager job, which she fails to identify in her pleadings, but which her lawyer has disclosed to be Audacy, Inc. (the owner of several local radio stations including WOMC and 97.1 FM).

3. Scripps' counsel, while investigating the allegations, discovered that Audacy—like Scripps—requires employees to be vaccinated. Plaintiff's preliminary injunction motion, however, is fundamentally premised on the notion that it is *Scripps' noncompete* preventing her from taking the Audacy job, and that an injunction will permit her to take the job.

4. When discussing this development with Plaintiff's counsel in the afternoon of February 7, 2022, Plaintiff's counsel further indicated (1) that Ms. Vallis-Bright did not even have a firm job offer in hand from Audacy; and (2) that he had not even inquired into whether Ms. Vallis-Bright could work at Audacy without being vaccinated before filing the preliminary-injunction motion.

5. Plaintiff's sole ground for claiming "irreparable harm" is that she will lose her house if she cannot work before the non-compete expires, and specifically claims that *Scripps* is the reason she cannot work for Audacy. It appears, however, that Vallis-Bright does not have a job offer in hand, and that she would likely be unable to work at Audacy anyway. If so, there is no "irreparable harm" traceable to Scripps, and no basis for a preliminary injunction.

6. Because this dispositive "irreparable harm" issue turns on a limited number of objective documents, Scripps now requests that the Court permit it to take limited, expedited discovery on two "irreparable harm" issues: (a) records concerning Vallis-Bright's alleged job offer with Audacy; and (b) personal financial records concerning her claim that she will lose her home in the less-than-four months remaining in the non-compete period, if no injunction issues.

7. Further, because the Court should have the benefit of this information before ruling on the motion, Scripps asks that Ms. Vallis-Bright's discovery responses be submitted no later than 10 calendar days after the Court's ruling (if this

motion is granted), and before any hearing takes place. Further, given Plaintiff's demand that her own motion hearing be expedited, the Court should order Vallis-Bright to respond to this motion no later than Friday, February 11, 2022.

8.   On February 7, 2022, counsel for Scripps explained the nature of the motion and relief it would be seeking. Counsel for Plaintiff did not provide concurrence, necessitating the filing of this motion.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: s/*Thomas J. Davis*
    Thomas J. Davis (P78626)
    Ryan D. Bohannon (P73394)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
rbohannon@khvpf.com

Dated: February 8, 2022
437943

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER VAN VALLIS-BRIGHT,
an individual,

    Plaintiff,

v.

SCRIPPS MEDIA INC.*,* a foreign company,

    Defendant.

Case No. 22-cv-10227

Honorable Paul D. Borman

Magistrate Judge Curtis Ivy, Jr.

/

| | |
|---|---|
| Benjamin M. Low (P82534)<br>JAFFE RAITT HEUER & WEISS, P.C.<br>Attorneys for Plaintiff<br>27777 Franklin Road, Suite 2500<br>Southfield, MI  48034<br>(248) 351-3000<br>benlow@jafelaw.com | Thomas J. Davis (P78626)<br>Ryan D. Bohannon (P73394)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Attorneys for Defendant<br>280 n. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>rbohannon@khvpf.com |

**Scripps' Brief in Support of Emergency Motion for Limited Expedited Early Discovery and Request that Plaintiff's Response to this Motion be Due February 11, 2022**

**Introduction**

The gravamen of Plaintiff Jennifer Van Vallis-Bright's verified complaint and preliminary injunction motion is that (1) she was fired from Scripps because it has a mandatory COVID-19 vaccination policy, and she refuses to get vaccinated; and (2) she has a job offer to be General Sales Manager for radio company Audacy,[1] but is being prevented from taking the job because Scripps will not release her from her non-compete, which expires in less than four months. And she has demanded that the Court, on a rushed basis, effectively enter a final-judgment style ruling that invalidates the non-competition agreement, without a bond as security to Scripps.

Just days after the motion was filed, however, Scripps discovered that the fundamental premise of Vallis-Bright's motion is untrue. It turns out that Audacy is still actively recruiting for the General Manager Sales position and, in the job posting, specifies that just like Scripps, Audacy "require[s] all incoming employees to be fully vaccinated against the coronavirus."[2] And when Scripps' counsel informed Vallis-Bright's counsel about this discovery, he further let slip to Scripps

---

[1]Inexplicably, Plaintiff does not appear to identify Audacy as the alleged prospective employer anywhere in her pleadings and motions papers; however, her counsel identified the employer as Audacy in a December 27, 2021 email to Scripps. Ex. D.

[2] *See* Ex. B, Job Posting on Audacy.com; Ex. C, Job Posting on Linkedin. Note that the job responsibilities in these online postings are identical to those in the job description sent by Plaintiff's counsel to Scripps on December 27, 2021. *See* Ex. D.

co-counsel Mr. Bohannon that (1) Ms. Vallis-Bright *does not* have a firm job offer from Audacy, and (2) he did not inquire into whether his client needed to be vaccinated to take the job. Yet her counsel adamantly rejected Scripps' position that she provide very limited discovery on this underlying issue before the Court ruled on the preliminary injunction motion—even though this Court's own guidelines, and Rule 26(d)(1), suggest that early discovery is permitted under these circumstances.

Vallis-Bright's position is intolerable and unjustifiable. She is demanding that this Court grant her the extraordinary relief of a preliminary injunction—to Scripps' procedural and legal detriment—while simultaneously refusing even the most limited inquiry into the very heart of her claim of irreparable harm: that she would be able to work at Audacy and not "lose her house" if only the Court grants injunctive relief, and grants it fast. Federal Rule 26(d)(1) and the official comments thereto expressly contemplate that early discovery is appropriate where a preliminary injunction is pending, and Scripps proposes very simple, very limited discovery going to these irreparable harm issues. The Court should order that Scripps may serve the limited discovery discussed herein, and hold that Vallis-Bright must provide responses within 10 days of the Court's ruling on the motion, and before any hearing on the preliminary injunction motion takes place.

# ARGUMENT

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). One generally dispositive requirement for such relief is irreparable harm that will be remedied by the injunction. *See Collins Inkjet Corp. v. Eastman Kodak Co.,* 781 F.3d 264, 279 (6th Cir. 2015) ("It is appropriate to use a preliminary injunction to *avoid* harms…); *accord, e.g.*, *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) (finding injunction improper where it "could not prevent any potential harm"). As here, such motions are generally filed early, before ordinary discovery begins; thus, the federal rules contemplate that early discovery may be warranted in response to a preliminary injunction motion. *See* Fed. R. Civ. P. 26(d)(1) & 1993 Advisory Committee Notes (early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction….")

In this district, courts have applied a good-cause test for allowing expedited discovery, considering "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. C.R. League v. Trump*, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017). And good cause "may be found where the need for expedited discovery,

-3-

in consideration of the administration of justice, outweighs the prejudice to the responding party." *Fabreeka Int'l Holdings, Inc. v. Haley*, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015).

Scripps has good cause for limited expedited discovery. Vallis-Bright's sole justification for immediate injunctive relief is her claim that she will lose her house unless the Court enjoins Scripps from enforcing its six-month non-compete agreement (two months of which have already elapsed), because by so enjoining Scripps she can take a pending job offer at Audacy. *See* ECF No. 4, PageID.79-80, 93-94. But there is a discrete set of objective documents that can test this claim: (1) documents reflecting Plaintiff's alleged job offer from Audacy, including whether she can even work there unvaccinated; and (2) financial documents testing whether she and her husband, in fact, lack the resources to pay her mortgage for a few months, as she claims (*see* ECF No. 4-4, PageID.110-111).

Under the relevant balancing test, all the factors point towards allowing discovery. *First*, a preliminary injunction motion is pending, which the rules specifically contemplate as a basis for expedited discovery.

*Second*, the discovery requests are extremely narrow; as set forth in Exhibit A, Scripps seeks one interrogatory answer and three narrow document requests.

*Third*, it will not be burdensome for Vallis-Bright to comply; all the documents sought would have been generated in the last few months, during which

time she was preparing for litigation. All the documents should be readily available in her email inbox, personal correspondence, or personal financial records.

*Fourth*, the discovery requests are not "far in advance" of a typical schedule, given the circumstances. Typically, a party seeking a preliminary injunction would submit corroborating documentation *with* their motion, rather than submit an affidavit lacking in any specific detail.[3] And because the documents requested go directly to Plaintiff's own allegations of wrongdoing and harm, the materials sought would likely have to be disclosed, even without a discovery request, as part of her Rule 26 initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Indeed, if she hasn't gathered these documents already, it would be highly surprising.

*Fifth*, and most critically, the reason for these requests align with the interests of justice here. Plaintiff is demanding extraordinary injunctive relief, which she believes will effectively end the case, within the next few weeks. There is already significant reason to believe that Ms. Vallis-Bright has not been straightforward with respect to her claims; not only does it appear that Audacy is not holding a job for her, it appears that she cannot work there anyway—and that her counsel did not

---

[3] For instance, Ms. Vallis-Bright relies heavily on this Court's decision in *Smith v. State Farm Fire & Cas. Co.*, 737 F. Supp. 2d 702, 714 (E.D. Mich. 2010) (Borman, J.), where irreparable harm was found based on an alleged financial hardship. But in that case, the plaintiff's preliminary injunction motion was supported by a detailed financial affidavit specifying the family's monthly expenses, income, savings, and other accounts. *See id.* Vallis-Bright provided nothing of the sort here.

bother to inquire before filing the motion. And at the same time she is demanding that this Court literally rush to judgment, she is adamantly refusing to allow even the slightest inquiry into her highly questionable claims, through simple straightforward documents, before the Court makes a decision. This is unjustifiable; if she wants extraordinary relief it is not too much to ask that she fully inform the Court of the premises behind the alleged irreparable harm she claims justifies the Court's exercise of injunctive power.

Moreover, the limited discovery may very well help preserve this Court's scarce judicial resources. If the Court finds no irreparable harm, that is generally fatal to the motion, without more. *See, e.g.*, *Winter*, 555 U.S. at 22. That would obviate the need for the Court to delve too deeply into the merits, which are very complex and dependent on facts likely to be contested: (1) whether a "General Sales Manager" position is "sales-related" as set forth in the non-competition agreement; (2) interpretation of the language of Scripps' non-competition agreement; (3) interpretation of a commission plan that Plaintiff wrongly claims nullifies her non-compete; and (4) whether the non-compete protects a reasonable business interest, itself a multi-factor factual inquiry. To be sure, Scripps believes that it is likely to prevail on the merits as well. But absent irreparable harm, the Court can deny the motion and afford Scripps the ordinary procedures, including traditional discovery, that such complex matters warrant.

Finally, given that the Plaintiff herself is demanding an emergency adjudication, the Court should order a response to this motion by Friday, February 11, 2022. To ward off any accusations that Scripps is seeking delay, nothing prevents Plaintiff from gathering the requested material and preparing a discovery response that can be immediately served if the Court grants the relief requested herein—and the schedule outlined above would not cause any delay in a hearing (the date for which has not yet been set.)

## CONCLUSION

For the reasons set forth above, Scripps requests that the Court (1) order that Scripps may serve the limited discovery set forth in Exhibit A to this motion, and (2) order Plaintiff to respond to this motion by Friday, February 11, 2022 to accommodate her demand for expediency; and (3) order that Plaintiff respond to the discovery requests within 10 days of the Court's order adjudicating this motion, and before any hearing is held on the preliminary injunction motion.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: s/*Thomas J. Davis*
    Thomas J. Davis (P78626)
    Ryan D. Bohannon (P73394)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

Dated: February 8, 2022

## Certificate of Service

I hereby certify that on February 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com