UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER VAN VALLIS-BRIGHT,
an individual,

    Plaintiff,

v.

SCRIPPS MEDIA INC., a foreign company,

    Defendant.

Case No. 22-cv-10227

Honorable Paul D. Borman

Magistrate Judge Curtis Ivy, Jr.

_____/

| | |
|---|---|
| Benjamin M. Low (P82534)<br>JAFFE RAITT HEUER & WEISS, P.C.<br>Attorneys for Plaintiff<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>(248) 351-3000<br>benlow@jafelaw.com | Thomas J. Davis (P78626)<br>Ryan D. Bohannon (P73394)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>rbohannon@khvpf.com |

**Defendant's Supplement to Its Pre-Hearing Brief**

Defendant Scripps Media, Inc. respectfully submits the following supplement to its pre-hearing brief, focused on Plaintiff's new argument (*see* ECF No. 10) that the case of *Blaszczyk v. Darby*, 425 F. Supp. 3d 841 (E.D. Mich. 2019) holds that a declaratory judgment action seeking to invalidate a contract has "no value" for jurisdictional purposes. This blatantly misstates what *Blaszczyk* held, and if anything, the case law in *Blaszczyk* supports Scripps' jurisdictional argument.

*Blaszczyk* itself was not a removal action; rather, the plaintiff filed a diversity action in federal court himself. 425 F. Supp. 3d at 844. The plaintiff had signed a franchise agreement to operate boats on Lake St. Clair, which stated that he would have to pay 8% of his revenue from charters, but—before starting his business and before taking ownership of boats—he sought to terminate the agreement and filed a declaratory judgment action claiming it was invalid. *Id.* The plaintiff claimed the jurisdictional threshold was satisfied because defendant would claim he owned six boats and that royalties for six boats would exceed $75,000. *Id.* at 853-54, 855.

The district court—citing *Cleveland Housing Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554 (6th Cir. 2010)[1]—held that the amount in controversy was

---

[1] *Cleveland Housing* itself supports Defendant's arguments. There, the plaintiff sought a declaratory judgment that the defendant's blighted property was a nuisance and sought injunctive relief that would have required rehabilitation or demolition. 621 F.3d at 557. The district court found that, because the costs of complying with the injunctive relief would cause the defendant over $75,000 in expenses, it met the threshold. On appeal, the plaintiff claimed that this was incorrect because the "amount in controversy should be determined from its viewpoint, rather than" defendant's. *Id.*

the "value of the consequences to Plaintiff that may result from this litigation," which in that case was the "value of potential future payments" to defendant under the royalty provision. *Id.* at 853 (citing numerous other cases applying this methodology). But the Court found that the value of potential future payments there would be zero *given the plaintiff's own allegations* that (1) he owned no boats; (2) had never owned royalty-generating boats; and (3) he would not own boats "until this matter is resolved," meaning he was claiming that he would not pay royalties regardless of whether he won or lost. *Id.* at 854; *see also id.* at 850-51. The court also said that there would have been an amount-in-controversy if plaintiff had owned boats, if he had been required to pay a guaranteed royalty regardless of revenue, or if the defendant had threatened to sue for royalties, which the defendant had not done. *Id.* at 854-855.

In other words, *Blaszczyk* was a heavily fact-dependent and unusual case where the same party asserting $75,000 in controversy *also* expressly alleged—without challenge from the defendant—that he owed nothing and would not have any

---

The Sixth Circuit, however, affirmed, holding that the "value of the requested injunctive relief" to plaintiff in that case *was* the economic harm to defendant if the Plaintiff was successful. *Id.* at 560-561.

So too here. Plaintiff's requested relief is an injunction that would invalidate the January 2020 agreement containing non-competition and non-solicitation clauses—relief which is valuable to her for the same reasons it is detrimental to Scripps. And that value can be approximated by looking at the revenues and profits she generated at Scripps before leaving. *See* ECF No. 9, PageID.189-190. From Plaintiff's perspective, that figure reflects the value of her book of business she can immediately exploit if the injunction she seeks is entered.

economic consequences regardless. Indeed, the *Blaszczyk* court ultimately found that there was not even an Article III case or controversy for this reason. *Id.* at 856.

*Blaszczyk* could not be more different from this case, where the Plaintiff's verified complaint, sworn affidavit, and preliminary injunction motion all specifically claim that Plaintiff has had a job offer in hand since October, that Scripps' non-compete has blocked her from starting that job, and that she has suffered actual financial consequences as a result that will be remedied by an injunction. The economic value to Plaintiff if her injunction, per her own allegations, is clear:

- If the injunction is granted, Plaintiff will *immediately* be able to compete for and solicit Scripps customers; this is highly valuable as her 2021 book of Scripps business undisputedly was close to $2 million;

- If the injunction is granted, she will *immediately* start drawing an Audacy paycheck, with an undisputed base salary of up to $160,000/year plus commissions; without an injunction, Audacy might hire someone else (it is, after all, still seeking applicants online), meaning Plaintiff will lose that significant salary in perpetuity, not just for a few months; and

- If the injunction is granted, she will "keep" her $960,000 home, which she expressly claims *under oath* is at stake in the litigation because of Scripps' non-compete.

## CONCLUSION

For the reasons set forth above, Scripps requests that the Court determine that the jurisdictional threshold has been met and retain jurisdiction.

                                             Respectfully submitted,

                                             KIENBAUM HARDY VIVIANO
                                             PELTON & FORREST, P.L.C.

                                             By: s/*Thomas J. Davis*
                                                   Thomas J. Davis (P78626)
                                                   Ryan D. Bohannon (P73394)
                                             280 N. Old Woodward Ave., Suite 400
                                             Birmingham, MI  48009
                                             (248) 645-0000

Dated: February 14, 2022             tdavis@khvpf.com

438175

## Certificate of Service

I hereby certify that on February 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com